# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

LORILLARD TOBACCO COMPANY, )
)
    Plaintiff, )
)
    v. )
) Civil Action No.
SAIF MUFTY, d/b/a Dairy Mart #4225 d/b/a )
Dairy Mart #4227, ) 04-1180
)
    Defendant. )
)
)

## ORDER

CONTI, District Judge

After consideration of the allegations set forth in the verified complaint, submissions including briefings and exhibits, and the arguments of the parties at the hearing held May 1, 2008, the Court hereby orders, decrees, and adjudges as follows:

1. This court finds defendant Saif Mufty d/b/a Dairy Mart #4225 d/b/a Dairy Mart #4227 ("Defendant") liable for five counts of using counterfeits of plaintiff Lorillard Tobacco Company's ("Lorillard" or "Plaintiff") registered trademarks LORILLARD®, NEWPORT®, NEWPORT® (stylized), Spinnaker Design®, and NEWPORT and Design®, registered on the Principal Register in the United States Patent and Trademark Office (collectively, the "Lorillard Marks"), in connection with the sale, offering for sale, and/or distribution of cigarettes within the United States, in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*;

2. Judgment is entered in favor of Plaintiff and against Defendant for Plaintiff's claims

of trademark infringement and trademark counterfeiting under the Lanham Act.

3. Defendant and any of his officers, directors, employees, agents, subsidiaries, and all persons in active concert with any of them, are permanently enjoined from:

(i) using any reproduction, counterfeit, copy, or colorable imitation of the Lorillard Marks in connection with the importation, sale, offering for sale, or distribution of cigarettes in the United States;

(ii) using the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same in any manner likely to cause others to believe that defendant's products are connected with Lorillard or are genuine Lorillard products if they are not;

(iii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Lorillard merchandise as and for genuine Lorillard merchandise;

(iv) making any false or misleading statements regarding Lorillard or its respective goods, or the relationship between Lorillard, on the one hand, and defendant, on the other hand;

(v) committing any other acts calculated to cause purchasers to believe that defendant's products are Lorillard's products;

(vi) importing, shipping, delivering, distributing, holding for sale, returning, transferring, or otherwise moving or disposing of in any manner such cigarettes falsely bearing one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable

imitation of the same; and

(vii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (vi);

4. Pursuant to 15 U.S.C. § 1117(c), defendants are ordered to pay statutory damages in the amount of $600 for each of five(5) uses of a counterfeit mark (as defined by 15 U.S.C. 1116(d)) in connection with the sale, offering for sale, or distribution of goods or services, for a total of $3000 in statutory damages.

By the Court,

Dated: May 6, 2008

/s/ Joy Flowers Conti
United States District Judge

cc: Counsel of record